[667 NYS2d 429]

In the Matter of IRWIN B. SILVERMAN (Admitted as IRWIN BERNARD SILVERMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 12, 1998

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains *(Gary D. Egerman* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petition, dated March 21, 1996, contains five charges of professional misconduct against the respondent. The Special Referee sustained all five charges after hearings held on August 2, October 15, and October 31, 1996. The Grievance Committee now moves to confirm the Special Referee's report while the respondent cross-moves to disaffirm the findings of the Special Referee, to dismiss the charges, and remand the matter to the Grievance Committee for whatever action is deemed appropriate, or to limit any public discipline to a censure.

Charge One alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

Winchel Balthazar was injured in an automobile accident on or about September 16, 1986, while a passenger in a car driven by Martial Morbeth. That vehicle was struck in the rear by an automobile driven by Raymond Desholmes. Mr. Balthazar retained the respondent on or about November 19, 1986.

Although a summons with notice dated October 14, 1987 was served on the defendants, neither defendant appeared. The respondent never served complaints. Nor did he purchase an index number or move for a default judgment. Mr. Balthazar relocated to Florida in or about January 1987.

In correspondence dated February 10, 1994, the respondent advised the Grievance Committee that further action would be taken to settle the matter. The respondent has failed to take any further action on Mr. Balthazar's behalf.

Charge Two alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Court Rules (22 NYCRR) § 691.20 provides that every attorney who enters into a retainer agreement regarding a personal injury action whereby his compensation is to be contingent on the outcome, shall file a written retainer statement with the Office of Court Administration (hereinafter OCA) within 30 days from the date of the retainer. The respondent failed to file the required retainer statement in the Balthazar matter.

Charge Three alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

Lissette de la Caridad Cabrera was injured in an automobile accident on or about January 19, 1989. She retained the respondent on or about June 9, 1989. On or about December 17, 1991, the respondent caused a summons with notice, dated June 18, 1991, to be served on the defendant. He thereafter served a verified complaint, which contained inaccuracies and was incomplete, without reviewing the verified complaint with the client.

Since his retainer, the respondent has not conducted any examinations before trial or written any letters to the client. The respondent has telephoned the complainant on only one occasion. The only other work product in the respondent's file during the approximate seven-year period during which he was handling the case is a verified bill of particulars.

Charge Four alleged that the respondent has engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Section 691.20 of the Court Rules provides that every attorney who enters into a retainer agreement regarding a personal injury action whereby his compensation is to be contingent on the outcome shall file a written retainer statement with the Office of Court Administration within 30 days from the date of the retainer. The respondent failed to file the required retainer statement with OCA regarding the Cabrera matter.

Charge Five alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

The respondent's client, Joyce Cleghorn, was injured in a Waldbaum's supermarket on or about December 20, 1988. She retained the respondent on or about February 10, 1989. The respondent failed to file a retainer statement with OCA regarding the Cleghorn matter as required by 22 NYCRR 691.20.

Based on the evidence adduced, the Special Referee properly sustained all five charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted and the respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline to impose, we have considered the mitigation evidence offered by

the respondent, including the changes he has implemented in his law office. The respondent informs the Court that he now reviews all cases periodically within three months of being retained and communicates with treating doctors and hospitals in order to obtain medical reports within six months. The respondent has assigned one particular employee to handle OCA filing requirements, and he endeavors to write more letters to clients. We note that the respondent has already been the recipient of two Letters of Caution and three Letters of Admonition, two of which were personally delivered. All five matters involved the respondent's neglect of legal matters entrusted to him. One matter involved the respondent's failure to file a retainer statement with OCA.

Under the totality of circumstances, the respondent is suspended from practice for one year.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is denied in its entirety; and it is further,

Ordered that the respondent, Irwin B. Silverman, is suspended from the practice of law for a period of one year, commencing February 13, 1998, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Irwin B. Silverman, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.